Joel E. Tasca
Nevada Bar No. 14124
Justin A. Shiroff
Nevada Bar No. 12869
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
tasca@ballardspahr.com
shiroffj@ballardspahr.com

*Attorneys for Plaintiff Citibank, N.A. as Trustee for the Certificateholders of Structured Asset Mortgage Investments II, Inc., Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates Series 2006-6 and Mortgage Electronic Registration Systems, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CITIBANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-6<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada non-profit corporation; SEVILLE ETAGE HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation,<br><br>Defendants. | Case No. 2:16-cv-02766-JCM-VCF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(SECOND REQUEST)** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counter/Cross Claimant<br><br>vs.<br><br>CITIBANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., BEAR | |

DMWEST #17336952 v1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-6; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR REPUBLIC MORTGAGE, LLC DBA REPUBLIC MORTGAGE; FRANKIE M. ABENOJAR, an individual; JANE P. ABENOJAR, an individual,<br><br>Counter/Cross Defendants/ |

Pursuant to Fed. R. Civ. P. 26(a)(2) and 6(b)(a)(1)(A) and LR 26-4, Plaintiff, Citibank, N.A. as Trustee for the Certificateholders of Structured Asset Mortgage Investments II, Inc., Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates Series 2006-6 and Mortgage Electronic Registration Systems, Inc. ("Trustee"), Defendant SFR Investment Pools 1, LLC ("SFR"), and Defendant Seville Etage Homeowners Association (the "Association") (together, the "Parties") hereby submit the following Stipulation and Order to Extend Discovery Deadlines (Second Request).

Under the Discovery Plan and Scheduling Order [ECF No. 33], as amended by the signed Stipulation and Order to Extend Discovery Deadlines [ECF No. 42.] the current deadlines are as follows:

| | |
|---|---|
| **Discovery Cut-Off** | Tuesday, January 2, 2018 |
| **Dispositive Motions** | Thursday, February 1, 2018 |
| **Joint Pre-Trial Order** | Thursday, March 1, 2018 |

Pursuant to LR 26-4, a stipulation to extend any dates set by the scheduling order must be supported by a showing of good cause for the extension. "The good cause inquiry focuses primarily on the movant's diligence." *Novotny v. Outback Steakhouse of Fla., LLC*, 2017 U.S. Dist. LEXIS 114672 at *2 (D. Nev. July 21, 2017) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000)). "Good cause to extend a discovery deadline exists 'if it cannot reasonably be met

2

DMWEST #17336952 v1

despite the diligence of the party seeking the extension.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Good cause exists in this case. All of the Parties have exercised diligence with regards to completing discovery. The Parties believe that a 60-day extension is warranted given the need to take, defend, and prepare for the deposition of the Trustee's 30(b)(6) witness.

### (a) Statement Specifying the Discovery Completed;

At this point in litigation, Trustee has provided its initial disclosures, issued supplemental initial disclosures, responded to SFR's first and second set of discovery requests, served and received responses to written discovery requests to all Parties, and noticed the 30(b)(6) deposition of SFR's chosen witness.

SFR has provided its initial disclosures and served and received responses to written discovery requests to the Trustee, served a second round of written discovery on the Trustee on September 29, 2017. SFR took the deposition of the Trustee's 30(b)(6) witness on December 6, 2017, but left the deposition open because the Trustee had been unable to obtain certain documents about which SFR sought information in advance of the noticed deposition. The parties rescheduled the deposition of the Trustee's 30(b)(6) witness for December 19, 2017. Though the Trustee was able to obtain the requested documents by that date, it was unable to complete its investigation about the contents of the documents by that date so as to be able to respond to SFR's questions. Accordingly, the Parties agreed to vacate the deposition of the Trustee's 30(b)(6) witness and reschedule at a later date once the Trustee is able to obtain the requested information. Unfortunately, the Parties were unable to find a date where counsel and the witness had availability before the current close of discovery.

The Association has served its initial disclosures and served written discovery requests to the Trustee.

### (b) Specific Description of the Discovery that Remains to be Completed

3

Once Trustee finalizes its responses to written discovery requests issued by the HOA, the Trustee needs to provide these responses.

The 30(b)(6) deposition of the Trustee's chosen witness needs to be continued to a later date because SFR has asked for the witness to be prepared to answer questions about the content and context of certain documents, and the Trustee has agreed to investigate and attempt to obtain this information in advance of the 30(b)(6) deposition. Given witness and counsel availability, such an extension will require at a minimum a 30-day extension of discovery, and to be sure the relevant schedules can be accommodated, the Parties would prefer a 60-day extension of the close of discovery.

### (c) The Reasons Why Remaining Discovery Was Not Completed

Despite their diligence in completing discovery in this case, the Parties have been unable to arrive at a mutually agreeable deposition date for the continued deposition of the Trustee's 30(b)(6) witness due to trial demands and depositions in other matters. Additionally, the Trustee requires additional time to investigate and obtain the information about which SFR seeks to ask questions. The Parties believe an additional 60 days will provide adequate time to conduct the depositions of Trustee's 30(b)(6) witness.

### (d) Proposed Schedule for Completing All Remaining Discovery

The Parties propose a 60-day extension of the remaining discovery dates as follows:

| | |
|---|---|
| **Discovery Cut-Off** | Monday, March 5, 2018 |
| **Dispositive Motions** | Wednesday, April 4, 2018 |
| **Joint Pre-Trial Order** | Friday, May 4, 2018 |

4

## CONCLUSION

For the above-stated reasons, the Parties respectfully request that this Court enter an Order granting this Stipulation and Order to Extend Discovery Deadlines (Second Request) using the new deadlines noted above.

Dated: January 2, 2018.

| | |
|---|---|
| BALLARD SPAHR LLP | LIPSON NEILSON COLE SELTZER & GARIN, P.C. |
| By: /s/ Justin A. Shiroff<br>Abran E. Vigil, NV Bar No. 7548<br>Justin A. Shiroff, NV Bar No. 12869<br>1980 Festival Plaza Drive, Suite 900<br>Las Vegas, Nevada 89135 | By: /s/ David T. Ochoa<br>Kaleb D. Anderson, Esq.<br>Nevada Bar No. 07582<br>David T. Ochoa, Esq.<br>Nevada Bar No. 10414<br>9900 Covington Cross Drive, Suite 120<br>Las Vegas, Nevada 89144 |
| *Attorneys for Plaintiff Citibank, N.A. as Trustee for the Certificateholders of Structured Asset Mortgage Investments II, Inc., Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates Series 2006-6 and Mortgage Electronic Registration Systems, Inc.* | *Attorney for Defendant Seville Etage Homeowners Association* |

KIM GILBERT EBRON

By: /s/ Diana S. Ebron
Diana S. Ebron, Esq.
Nevada Bar No. 10580
Jacqueline A. Gilbert, Esq.
Nevada Bar No. 10593
Karen L. Hanks, Esq.
Nevada Bar No. 9578
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139

*Attorneys for SFR Investments Pool 1, LLC*

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

Dated: 1-4-2018

DMWEST #17336952 v1